*379
 
 Pearson, C. J.
 

 What amounts to fraud is a question of law. His Honor erred in declining to explain to the jury what is considered, in law, such a fraud as makes a deed void against creditors, and in telling them, on the contrary, that “ if John N. Porter was believed, the deed was valid, unless they were satisfied that there was fraud; of which, in that event, they were the
 
 sole jtodges”
 
 which was saying, in effect, that if John N. Porter was believed, they should find for the defendant.
 

 A father is entitled to the services of his child until he arrives at the age of twenty-one;
 
 Musgrove
 
 v. Kornegay, 7 Jones 71. It is true, a creditor cannot make his debtor work in order to pay the debt, nor can he force him to make his children work, or sell, under execution, the valuable interest which a father has in the services of his child, or which a master has in the services of an apprentice. But if, in fact, a child does work and earn wages, the proceeds of his labor belong to his father, and if the father invests the money so earned, in the purchase of land, taking the title in the name of the child, the father being insolvent, his creditors can subject the land to the payment of their debts ;
 
 Worth
 
 v.
 
 York,
 
 13 Ire. 206. Therefore, when Hugh Porter worked at the gold mine, his wages belonged to his father, and he was bound, as an honest man, to have taken the money and applied it to the payment of his debts instead of attempting, under the color of this money, which was his own, to pass his land into the hands of his son ; so as to secure a home for himself and wife, and put the land out of reach of his creditors. A father, who is not in debt, or who retains property “ amply sufficient to pay his debts,” may give his child the proceeds of his labor before he is twenty-one years of age. So, he may give him money or land. But if the father be insolvent, that alters the case, for the law requires men “to be just, before they are generous.” So he has no right to give his son money, although his son may have earned it as day wages, and if he pretends to sell him land for this money, it is, in legal effect, handing to the son the father’s own money, so as to let him hand it back
 
 *380
 
 again- in the presence of witnesses as the consideration of the deed. In other words, the deed is
 
 voluntary
 
 and void against creditors.
 

 So,, if a father, who is about to fail, conveys property to* a.n infant child and takes his notes for the consideration, the conveyance is treated as voluntary and void against creditors; for the child may avoid his notes and, therefore, in legal effect, they amount to nothing;
 
 Hammond
 
 v.
 
 McCorkle,
 
 2 Jones 444.
 

 In the case under consideration, the defendant’s witness,. John N. Porter, proved that his father was insolventthat his brother, Hugh, was under age and had no property ; that he had worked at the gold mine two or three years by which he earned seventy-five cents or a dollar a day, and handed.his father $250 in money and gave his note for $50, the residue of the price agreed on, and that his father and mother continued to live on the land with- him until he sold it..
 

 Upon, this evidence, we think the plaintiff was entitled to-the instructions prayed for in respect
 
 to. the
 
 question of fraud-:. Indeed, his Honor could not have more accurately and aptly conveyed to the minds of the j ury the- idea of what, in law,, amounts to fraud against creditors, than by telling them that the evidence, if believed, raised a presumption of fraud, and, there being
 
 no
 
 evidence to rebut this presumption, it was. their duty to find the deed fraudulent.. As a precedent for a. charge of this character, several recent,, as well.as older cases,, would have fully sustained him.; e.. g.
 
 Jessup
 
 v. Johnson, 3, Jones 335
 
 ; London
 
 v.
 
 Parsley, 1
 
 Jones 313, in which cases, this direct and pointed mode* of instructing-a jury on* questions of fraud-, as upon, a demurrer to- evidence, is approved, and recommended. There- is error...
 
 Y'onire de novo.
 

 Pee Cubiam;
 

 Judgment reversed-,.